```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

JIMMY ROSS BULGIER,             §
                                §
        Petitioner,              §
                                §
VS.                             §   NO. 4:05-CV-316-A
                                §
DOUGLAS DRETKE, DIRECTOR, TEXAS §
DEPARTMENT OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS        §
DIVISION,                       §
                                §
        Respondent.              §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Jimmy Ross Bulgier ("Bulgier") is petitioner and Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. The petition was referred to United States Magistrate Judge Charles Bleil. On September 9, 2005, Magistrate Judge Bleil issued his proposed findings, conclusions, and recommendation. Both Bulgier and respondent filed timely objections. The court is to make <u>de novo</u> determinations of those portions of the magistrate judge's proposed findings, conclusions, or recommendation to which specific objection is made. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; <u>United States v. Raddatz</u>, 447 U.S. 667 (1980).

For the reasons given below, the court disagrees with the proposed findings and conclusions on the time-bar issues, and has

concluded that Bulgier's petition should be dismissed because of not having been timely filed.

I.

### State Court Proceedings

On July 7, 1999, Bulgier was indicted for the offenses of aggravated sexual assault and indecency with a child.  At the phase of the state court trial on the issue of Bulgier's guilt-innocence, the jury returned a verdict finding Bulgier guilty of aggravated sexual assault.  Pursuant to the court's instructions, the jury did not make a finding as to the offense of indecency with a child, which the court informed the jury was a lesser offense included in the aggravated sexual assault offense.  At the punishment phase of the trial, the jury, based on a finding that Bulgier had previously been convicted of the felony offense of sexual assault on a child, assessed his punishment at life imprisonment.  Following the verdicts, the court granted the State's motion to dismiss the count of the indictment charging indecency with a child.[1]  The state trial court judge signed the judgment of conviction and sentence on January 14, 2000 (for convenience, though not literally accurate, this judgment is hereinafter called the "guilt-innocence judgment").

Bulgier appealed ("first appeal") from the guilt-innocence judgment to the Second District of Texas Court of Appeals ("Court of Appeals").  He complained on appeal that the evidence was

---

[1]Petitioner has not based any of his complaints in the proceedings mentioned in this memorandum opinion on the trial court's dismissal.

2

legally and factually insufficient to support the jury's verdict that he was guilty of aggravated sexual assault and that the trial court erred in admitting, and failing to suppress, evidence.  The State urged in its responsive brief that the evidence was legally and factually sufficient to support the jury's verdict, and made the alternative arguments that, if the Court of Appeals were to disagree, the court should reform the guilt-innocence judgment to reflect a conviction of the lesser included offense of indecency with a child, and remand the case for a new trial on punishment only.  The record does not reflect that in advance of the May 2001 ruling of the Court of Appeals Bulgier replied, or sought an opportunity to reply, to the State's alternative arguments.

On May 17, 2001, the Court of Appeals rendered its opinion, holding that (1) the evidence was insufficient to support Bulgier's conviction of aggravated sexual assault, (2) the evidence supported a conviction of the lesser included offense of indecency with a child, and (3) the trial court did not err in its evidentiary rulings.  The court modified the conviction feature of the judgment to reflect conviction of the lesser included offense, affirmed the judgment of conviction as modified, reversed the punishment feature of the judgment, and remanded the case to the trial court for a new punishment hearing.[2]  Bulgier unsuccessfully moved for rehearing by the

---

[2]As authority for its decision to modify the judgment to reflect a conviction for the lesser included offense, and to affirm the
(continued...)

3

Court of Appeals on the grounds that the evidence was legally and factually insufficient to support his conviction of indecency with a child.  He then petitioned the Court of Criminal Appeals of Texas for discretionary review, seeking review of the Court of Appeals' decision on those same grounds.  The Court of Criminal Appeals of Texas denied the petition on January 9, 2002.  Bulgier did not seek a writ of certiorari to the United States Supreme Court.

On May 16, 2002, after a new punishment hearing, the trial court signed a judgment re-sentencing Bulgier to life imprisonment on the indecency charge ("punishment judgment").[3]  Bulgier sought to appeal from the punishment judgment to the Court of Appeals.  However, his appeal was dismissed because the filing of his notice of appeal was untimely due to an error on the part of his attorney.  On February 24, 2003, Bulgier filed an application for writ of habeas corpus to the Court of Criminal

---

[2](...continued)
judgment of conviction as modified, the court cited Collier v. State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).  In Collier, the Court of Criminal Appeals of Texas made the following holding:

> [W]e hold that a court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense only if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense (at the request of a party or by the trial court *sua sponte*) or one of the parties asked for but was denied such an instruction.

Id.  As noted in the text, all the conditions authorizing the Court of Appeals to reform the guilt-innocence judgment, and to affirm the judgment as modified, existed in this case.

[3]Bulgier waived his right to a jury trial at the re-sentencing.

Appeals of Texas, seeking as relief the right to file an out-of-time appeal ("first state application").  The application was granted on April 2, 2003.  Thereafter, Bulgier filed his out-of-time appeal with the Court of Appeals ("second appeal").  The only issues Bulgier raised in the second appeal were ones challenging the legal and factual sufficiency of the evidence to support his conviction for indecency with a child.

On April 15, 2004, the Court of Appeals ruled against Bulgier in the second appeal.  The court did not address Bulgier's substantive arguments that the evidence was insufficient to support his indecency conviction, reasoning that "[b]y modifying Bulgier's judgment to reflect a conviction for the lesser included offense of indecency with a child, [the court] explicitly found the evidence supporting this offense legally and factually sufficient."  Bulgier v. Texas, No. 2-03-203-CR, slip op. at 2 (Tex. App.--Fort Worth Apr. 15, 2004).  Rather, the court held that Bulgier was limited to complaints of errors related to his resentencing.  The court explained that "[b]ecause Bulgier's two issues do not present issues relating to the new punishment hearing, we overrule them."  Id. at 2-3.  After agreeing with the State's argument that the issues presented by Bulgier on appeal were not properly before the court, the court affirmed the punishment judgment.  Bulgier petitioned the Court of Criminal Appeals of Texas for discretionary review.  The petition was refused on September 22, 2004.  Again, Bulgier did not seek a petition for writ of certiorari.

5

On November 18, 2004, Bulgier filed his second application to the Court of Criminal Appeals of Texas for writ of habeas corpus ("second state application"). Essentially, his complaints were that (a) the Court of Appeals denied him the right to question the sufficiency of the evidence to support his indecency with a child conviction and (b) he had ineffective assistance of counsel on his first appeal. The alleged ineffectiveness had to do with matters pertaining to Bulgier's conviction. For example, Bulgier complained that his counsel was ineffective in his first appeal because he failed to contend that indecency with a child was not a lesser included offense and failed to question the sufficiency of the evidence to support an indecency with a child conviction. As part of the relief Bulgier sought by his second application, he asked for a new out-of-time appeal to raise in the Court of Appeals the issues he raised in his application. Basically, Bulgier was asking that his first appeal be reopened so that he could raise issues attacking his conviction for indecency with a child. On April 13, 2005, the second state application was denied without written order.

II.

Ground for Relief Urged by Bulgier's Petition Here

Bulgier filed the petition now before the court on May 18, 2005. The sole ground for relief he asserts in his petition is that he "was denied his 14th Amendment right of Due Process and Due Course of Law because his conviction is based on insufficient evidence to sustain the conviction." Pet'r Mem. of Law in Supp. of Pet. at 3. See also id. at 8. Bulgier asserts in the

6

concluding section of his supporting memorandum that he is innocent of having committed the offense for which he is incarcerated, and he requests the court to grant him relief from "this unlawful conviction and find that his 14th Amendment right [sic] have been violated."  Id. at 17.

### III.
### Respondent's Answer

Respondent's main response was that the petition should be dismissed as time-barred, arguing that the one-year period of limitation contemplated by 28 U.S.C. § 2244(d)(1) commenced to run on April 9, 2002, which was the deadline for the filing by Bulgier of a petition for writ of certiorari complaining of the ruling of the Court of Appeals on the first appeal, and expired April 9, 2003.  According to respondent, (1) there was no tolling related to the one-year limitation period arising from Bulgier's first state application because (a) that application merely sought an out-of-time appeal from the punishment judgment and (b) under Texas law Bulgier would be limited in such an out-of-time appeal to challenges to his punishment; (2) Bulgier's second state application failed to toll the limitation period because, even if it did challenge the guilt-innocence judgment, it was filed after the one-year deadline for making such a challenge had expired; and (3) the second appeal did not have a tolling effect, because it could not serve as a vehicle for review of the guilt-innocence judgment.

7

Respondent argued alternatively that there was sufficient evidence to support Bulgier's conviction of indecency with a child.

IV.

## The Findings, Conclusions and Recommendation of the Magistrate Judge

The magistrate judge concluded that Bulgier's petition was timely filed. After saying that there was no authority to be found on the issue, the magistrate judge said that "to avoid piecemeal litigation of a State habeas petitioner's claims under these circumstances, the better approach is to commence the federal statute of limitations on the date the state trial court's judgment on remand became final by direct review or the time for seeking direct review, subject to any applicable tolling." FC&R at 6. That conclusion led the magistrate judge to the further conclusion that the one-year limitation period commenced on December 21, 2004--the date of the expiration of the period of time Bulgier had to file a petition for writ of certiorari related to the punishment judgment. However, the magistrate judge concluded that the ground for relief urged by Bulgier was without merit, and recommended denial of Bulgier's petition.

V.

## Objections to the Findings, Conclusions, and Recommendation of the Magistrate Judge

Respondent timely objected to the magistrate judge's proposed conclusion that Bulgier's claims are not barred by the one-year limitation prescribed by 28 U.S.C. § 2244(d), making

8

basically the same arguments he made in his answer to the petition.  In his response to respondent's objection, Bulgier makes two points.  First, Bulgier claims that the order of the Court of Appeals remanding his case for a new punishment hearing precluded him from seeking further direct review of the guilt-innocence judgment.  Second, Bulgier asserts that his second direct appeal and his state habeas petitions create sufficient tolling to make his petition timely.

Because of the court's conclusion that the petition should be dismissed as time-barred, the court need not consider Bulgier's objections to the magistrate judge's findings, conclusions, and recommendation.

## VI.

### The Court Concludes the Petition Should be Dismissed as Time-Barred

A.  <u>The Guilt-Innocence Judgment is a Judgment Pursuant to Which Bulgier is in Custody--It is the Judgment Bulgier Attacks in His Petition</u>.

A petition for writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  Section 2244(d)(1) of title 28 imposes a one-year limitation on the filing of a habeas petition by "a person in custody pursuant to the judgment of a State court."  Bulgier is in custody pursuant to two state court judgments.[4]  The

---

[4] A somewhat similar set of facts confronted the court in <u>Wilkinson v. Cockrell</u>, 240 F. Supp. 2d 617 (N.D. Tex. 2002).  In <u>Wilkinson</u>, the petitioner was in custody, within the meaning of 28 U.S.C. § 2244(d)(1), pursuant to two judgments, the first ordering him to serve a term of probation following his plea of guilty pursuant to a deferred adjudication arrangement, and the second

(continued...)

9

modified guilt-innocence judgment determined Bulgier's guilt for the offense of indecency with a child. The punishment judgment determined the penalty Bulgier was to serve for that offense. Each of those judgments is a factor in Bulgier's custody status. Thus, to determine whether this petition was timely filed, the court must first decide which of the two judgments Bulgier is attacking here. While Bulgier's petition references the punishment judgment, his sole ground of error complains of an adjudication made in the modified guilt-innocence judgment. Therefore, the court concludes that in determining timeliness the court should look to the guilt-innocence judgment. See <u>Wilkinson v. Cockrell</u>, 240 F. Supp. 2d 617, 622 (N.D. Tex. 2002).

B.  <u>Absent Tolling, the Date When the One-Year Period of Limitation Expired is April 9, 2003</u>.

Section 2244(d) of title 28 reads as follows:

> (**d**)(**1**)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (**A**)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (**B**)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (**C**)  the date on which the constitutional right asserted was initially recognized by the

---

⁴(...continued)
adjudicating him guilty of the offense to which he had earlier pleaded guilty, and imposing punishment, based on his violation of his conditions of probation.  <u>Id.</u> at 619-20.

10

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (**2**) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The (B), (C), and (D) parts of § 2244(d)(1) have no potential applicability.  There is no contention that state action created any impediment to the filing of an application; Bulgier's due-process right not to be convicted and punished for a criminal offense of which he is not guilty is not a right that has been newly recognized by the Supreme Court; and, the factual predicate of the ground for relief urged by Bulgier in his petition could have been, and undoubtedly was, discovered by him as soon as the Court of Appeals rendered its decision in the first appeal.

Thus, the issue here is whether Bulgier filed his petition before the date contemplated by the (A) part of § 2244(d)(1), taking into account any tolling that might be applicable.  The court agrees with respondent that, absent tolling, the date contemplated by § 2244(d)(1)(A) in this case is April 9, 2002. The Court of Appeals affirmed Bulgier's conviction on direct review on May 17, 2001.  His petition for discretionary review by the Court of Criminal Appeals of Texas was denied on January 9, 2002.  When ninety days is added after January 9, 2002, for the

11

filing of a petition to the United States Supreme Court for writ of certiorari,[5] the date of April 9, 2002, becomes the beginning date of the one-year period for the seeking by Bulgier of federal habeas review.

C.  There has been no Statutory Tolling.

The court has concluded that Bulgier does not enjoy the benefit of statutory tolling.

No tolling resulted from Bulgier's second appeal.  The Court of Appeals could not on that appeal entertain any complaint, or grant any relief, related to the guilt-innocence judgment.  See Patterson v. State, 101 S.W.3d 150, 152 (Tex. App.--Fort Worth 2003); Davila v. State, 961 S.W.2d 610, 617 (Tex. App.--San Antonio 1997); Easton v. State, 920 S.W.2d 747, 750 (Tex. App.--Houston [1st Dist.] 1996).  See also Lopez v. State, 18 S.W. 3d 637, 638 (Tex. Crim. App. 2000).  Indeed, as mentioned above, the Court of Appeals refused to address on the second appeal Bulgier's arguments directed to the guilt-innocence issue.  Consequently, the second appeal cannot be considered a direct review of the guilt-innocence judgment because none of the issues related to that judgment were subject to being reviewed on that

---

[5]While a judgment of punishment was necessary to conclude Bulgier's criminal case, the modified guilt-innocence judgment, though interlocutory in a sense, was a final judgment in that the issues it resolved were finally determined and could not be revisited through a direct appeal.  See Patterson v. State, 101 S.W.3d 150, 152 (Tex. App.--Fort Worth 2003); Davila v. State, 961 S.W.2d 610, 617 (Tex. App.--San Antonio 1997); Easton v. State, 920 S.W.2d 747, 750 (Tex. App.--Houston [1st Dist.] 1996).  The modified guilt-innocence judgment had the degree of finality that would have authorized it to be reviewed by the United States Supreme Court by writ of certiorari.  See Brady v. Maryland, 373 U.S. 83, 85 n.1 (1963).

12

appeal. For the same reason, the second appeal does not qualify under § 2244(d)(2) as an application for state post-conviction or other collateral review, because, <u>inter alia</u>, as already noted, that appeal could not serve as a vehicle for review of issues related to Bulgier's conviction as adjudicated by the modified guilt-innocence judgment.

For there to be a tolling pursuant to § 2244(d)(2), the application must be properly filed with respect to the "pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). While Bulgier filed the first state application before April 9, 2003, that application was not with respect to the pertinent (guilt-innocence) judgment or any claim related to that judgment. Consequently, the first state application did not toll the statutory filing time. It merely sought an out-of-time appeal that could do nothing more than to challenge the punishment judgment.

Nor can Bulgier find tolling comfort in his second state application. While there may be a question as to the identity of the judgment to which that application was directed, the court assumes, for the purpose of discussion, that Bulgier directed the second state application to the guilt-innocence judgment. Inasmuch as the second state application was not filed until November 18, 2004, long after the April 9, 2003, ending date of the one-year limitation period, it was not "a properly filed application" that would provide tolling under the authority of § 2244(d)(2). See <u>United States v. Reyes</u>, 227 F.3d 260, 263 (5th Cir. 2000).

13

D.   <u>There is no Basis for Equitable Tolling</u>.

The court is treating one of Bulgier's contentions in his response to respondent's objection to the magistrate judge's findings and conclusions as a plea for equitable tolling. The rule of the Fifth Circuit is that the time limitation created by § 2244(d) may be equitably tolled only in "rare and exceptional circumstances." <u>Salinas v. Dretke</u>, 354 F.3d 425, 431 (5th Cir. 2004).[6] Bulgier has not called the court's attention to any such circumstance. His argument is that his application should not be barred by limitation because he was denied the opportunity to present on judicial review his contention that the evidence was insufficient to support his conviction of indecency with a child. His contention is meritless.

Bulgier is presumed to have known when he filed his brief in the first appeal that the Court of Appeals had the authority, if it concluded that the evidence was insufficient to support the aggravated sexual assault conviction, to modify the guilt-innocence judgment to reflect a conviction for the lesser included offense of indecency with a child, and to affirm the judgment as modified. <u>See</u> <u>Collier v. State</u>, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999). With that presumed knowledge, he had a fair opportunity to present in his brief on the first appeal any

---

[6]In <u>Salinas v. Dretke</u> the Fifth Circuit reiterated the conclusion it had reached in <u>Cousin v. Lensing</u>, 310 F.3d 343, 348 (5th Cir. 2002), that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." 354 F.3d 425, 432 (5th Cir. 2004). The court does not consider that Bulgier has claimed equitable tolling based on neglect of one or more of his attorneys. If he has intended to urge such a contention, it would be without merit.

14

contention he might have that the evidence was insufficient to authorize action of that kind by the Court of Appeals. In addition, he was put on notice by the State's brief in the first appeal that the State was making an alternative request that, if the Court of Appeals were to vacate Bulgier's conviction of aggravated sexual assault, the court reform the guilt-innocence judgment to reflect a conviction of the lesser included offense of indecency with a child. He had an opportunity at that time, before the Court of Appeals rendered its opinion in May 2001, to respond to that alternative contention. Once the Court of Appeals modified the guilt-innocence judgment, and affirmed it as modified, Bulgier did raise on the direct appeal, by motion for rehearing in the Court of Appeals, the issues of legal and factual insufficiency of the evidence to support his conviction of indecency with a child. When that was unsuccessful, Bulgier petitioned the Court of Criminal Appeals of Texas for discretionary review, raising those same grounds. When that was denied, Bulgier could have sought review of the United States Supreme Court on those issues by the filing of a petition for writ of certiorari. See Brady v. Maryland, 373 U.S. 83, 85 n.1 (1963).

 Not only did Bulgier have multiple opportunities to present his insufficiency of the evidence arguments as part of the direct review of the guilt-innocence judgment, there was nothing that prevented him from filing a state application for habeas relief from the guilt-innocence judgment before the one-year limitation period expired in April 2003.

E.  <u>The Court Rejects the Magistrate Judge's Determinations Relative to Limitation; and, the Court is Dismissing the Petition as Time-Barred</u>.

For the reasons given in this memorandum opinion, the court disagrees with, and rejects, the magistrate judge's findings and conclusions relative to the limitation issue. The court has concluded that Bulgier's petition should be dismissed as time-barred.

VII.

Order

For the reasons stated herein,

The court ORDERS that the petition in this action be, and is hereby, dismissed as time-barred.

SIGNED October  27 , 2005.

                               /s/ John McBryde  
                              JOHN McBRYDE  
                              United States District Judge